**Peggy Mai WEST, Plaintiff–Appellee,**

v.

**C.B. RAGLAND CO.,
Defendant–Appellant.**

Supreme Court of Tennessee,
at Nashville.

Feb. 26, 1990.

Robert R. Davies, Davies, Cantrell, Humphreys & McCoy, Nashville, for defendant-appellant.

Nathan Harsh, Harsh, Kelly & Smith, Gallatin, for plaintiff-appellee.

OPINION

HARBISON, Justice.

In this workers' compensation case the widow of a deceased employee sought com-

mutation to a lump sum of future periodic death benefits pursuant to T.C.A. § 50–6–229. The complaint alleged that plaintiff suffered from health problems and bore an inordinate hardship by reason of the small amount of her weekly benefits. In its answer the defendant admitted the compensability of the claim and averred that it had paid all necessary medical expenses and the statutory funeral expenses in connection with the death of plaintiff's husband in April, 1988. It averred that it was paying the statutory weekly benefits provided for a widow in case of the death of her husband pursuant to T.C.A. § 50–6–210(e). The employer denied that future benefits should be commuted to a lump sum.

■ At the hearing the only evidence offered was that introduced by the plaintiff. She was forty-six years of age at the time of the hearing and had been wholly dependent upon her deceased husband. Her three children were grown and were not living at home. She had not been employed after the death of her husband until shortly before the hearing.

Appellant had received a workers' compensation settlement herself in 1985 in a substantial lump sum, but all of these funds had been expended before the hearing. She collected some $46,400 in life insurance benefits and other assets after the 1988 death of her husband, but these also had been consumed by debts, living expenses and other proper charges, so that very little remained at the time of the filing of her petition in the present case.

The plaintiff had incurred some medical expenses on her own behalf and expected to have some additional medical expenses, but she was not shown to be in serious bad health. No medical evidence was introduced on her behalf. Her children were in good health and were not shown to be dependent upon her or to have any particular personal or health problems. Her monthly expenses included a mortgage payment of $159 on a home which she and her husband had purchased some thirteen years earlier. She of course had other monthly expenses such as food, utilities, automobile expenses and the like. She testified that she netted about $500 per month from the workers' compensation benefits, after deduction of counsel fees, and she found it very difficult to live on this modest income. She sought commutation of the future weekly benefits to which she would be entitled if she remained unmarried and survived for the approximately six and one-half years during which they would be payable.

The trial judge concluded that the plaintiff had not wasted her assets, and the employer does not seriously contend otherwise. Plaintiff did admit, however, that she would need to invest the lump sum benefits and attempt to obtain some income therefrom.

At the conclusion of the hearing the trial judge found that the plaintiff had established "such a special need as to warrant a lump sum payment of the remaining weekly benefits". These amounted to $74,-737.34, subject to an attorney's fee in the amount of $14,947.47, a net of slightly less than $60,000.

After careful consideration of the entire record, we are of the opinion that the trial judge erred in ordering the lump sum commutation. No special need of the appellant, within the meaning of the cases construing T.C.A. § 50–6–229, was established.

■ It would, ordinarily, be more convenient for any beneficiary to receive a lump sum, to pay counsel fees in full, and to invest the remainder. This, however, is not the criterion established by the cases construing the statute. Ordinarily some special personal, family or property need must be established in order to justify commutation. *See generally Williams v. Delvan Delta, Inc.*, 753 S.W.2d 344 (Tenn.1988); *Van Hooser v. Mueller Co.*, 741 S.W.2d 329 (Tenn.1987); *Flowers v. South Central Bell Telephone Company*, 672 S.W.2d 769 (Tenn.1984); *Fowler v. Consolidated Aluminum Corporation*, 665 S.W.2d 713 (Tenn.1984).

Under the provisions of T.C.A. § 50–6–229(a) the trial judge may allow commutation of periodic payments "to one

or more lump sum payments." In the present case commutation of the entire amount was sought, but, in our opinion, not justified. It is obvious that the plaintiff will need future income, and the periodic payment is designed to provide that resource. Commutation is the exception, not the rule, under the workers' compensation statute as pointed out in the cases cited above.

 Nevertheless, in the present case it does appear that the plaintiff is the administratrix of her husband's estate and that some additional funds are needed to pay legitimate claims such as funeral expenses in excess of those paid by the workers' compensation insurer. After carefully reviewing the record, we are of the opinion that a partial commutation of the periodic benefits would be appropriate, and we authorize a lump sum payment of $15,000 against future benefits with the remainder to be paid in periodic installments. The partial commutation allowed will be subject to counsel fees already approved by the trial judge; that is, twenty percent of the lump sum payment will be paid to counsel as a credit on the total fee.

The foregoing action will be taken without prejudice to the right of plaintiff to make application for one or more lump sum payments in the future as special needs may arise.

Plaintiff testified at the hearing that she had no plans to remarry. She recognized, however, that under the applicable statutes her future benefits would terminate in the event she did so. This is one of the reasons courts must have some hesitancy in approving lump sum benefits in death cases, because the periodic payments do terminate upon remarriage of a dependent spouse or upon termination of minority in cases involving children. Obviously the employer has interests which must be balanced against those of the dependent in such cases, and the employer's interest is somewhat greater than in cases involving the commutation of benefits for an injured and disabled employee.

The judgment of the trial court will be modified so as to allow a lump sum commutation to plaintiff of $15,000. We deem it appropriate that the employer bear the costs of the appeal. The cause will be remanded to the trial court for any further proceedings which may be necessary and for collection of costs accrued there.

DROWOTA, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.