**Bruce DUCKWORTH,
Plaintiff–Appellee,**

v.

**GLOBE BUSINESS FURNITURE, INC.,
Defendant–Appellant.**

Supreme Court of Tennessee,
at Nashville.

Feb. 25, 1991.

Joseph Y. Longmire, Jr., Hendersonville, for plaintiff-appellee.

Robert Orr, Jr., Nashville, for defendant-appellant.

## OPINION

DAUGHTREY, Justice.

The only issue in this workers' compensation appeal is the propriety of the lump sum award ordered by the trial court. The employer, Globe Business Furniture, Inc., insists that the trial judge abused his discretion in commuting the award to the employee to a single payment of $73,640.91. The employee, Bruce Duckworth, argues in response that the lump sum commutation was awarded without objection from the defendant, who has thereby waived any right to complain about the trial court's order on appeal. Because of case law governing the availability of a lump sum payment under T.C.A. § 50–6–229, we decline to invoke the waiver doctrine, and we remand the case for further proceedings.

In the usual civil action, a party's failure to raise objection under circumstances such as those in this case would almost certainly be held to bar relief on appeal. Here, for example, the plaintiff first asked for a lump sum payment in a "pre-trial brief" filed by his attorney several days before trial. At the trial, Duckworth was asked on direct examination whether he wished to receive a lump sum award, and he responded affirmatively. He testified that he was "in deep financial debt," had been receiving food stamps, was being dunned for medical bills, and owed both his mother and his father-in-law for living expenses that had arisen during his disability. However, Duckworth gave no actual figure representing his total debt, probably because he was not asked to do so either on direct or on cross-examination. Indeed, it appears that the employer raised no question about commutation in the trial court.

The trial judge issued a memorandum opinion a week after the trial. In it, he awarded recovery to the employee and ordered that "[p]ayment shall be made in lump sum." No objection was entered in response to this directive by the court. Moreover, the final judgment recites:

"That upon Motion of plaintiff, no objection [having been] raised by defendant, the Court, pursuant to T.C.A. § 50–6–229 commutes the award herein to a lump sum."

No exception was taken to the judgment until the employer raised the propriety of a lump sum award on appeal.

Despite the defendant's failure to object in a timely fashion, we conclude that the question of whether commutation is appropriate in this case is one which must be addressed on the merits by the trial court. Prior to its most recent amendment, the

statute did not set out any standards for determining whether a lump sum award is appropriate. Nevertheless, we had frequently held that lump sum awards are not to be made routinely, but should be ordered by the trial court only if the employee could establish a need for such payment. *See, e.g., Bailey v. Liberty Mutual Insurance Co.*, 766 S.W.2d 496, 498 (Tenn.1989) (citing *Van Hooser v. Mueller Co.*, 741 S.W.2d 329, 330 (Tenn.1987)). We had also held that a lump sum award should not be made "without careful inquiry by the trial judge as to all of the facts and circumstances [surrounding the request]." *Smith v. Gallatin Nursing Home*, 629 S.W.2d 683, 685 (Tenn.1982). Finally, we had suggested that in commuting the award, the trial court should state reasons on the record for ordering a lump sum payment. *Fowler v. Consolidated Aluminum Corp.*, 665 S.W.2d 713, 715 (Tenn. 1984). The record before us fails to establish that these prerequisites to commutation were met in this case.

We realize that these deficiencies may well be attributable to the employer's apparent acquiescence in the award of a lump sum at the trial court level. In concluding that a remand is necessary, we do not wish to be seen as rewarding the employer's lack of diligence in this regard. Our concern, instead, is for the protection of the employee and his rights under the compensation statute.

On remand, the trial court is directed to make affirmative findings on the record in accordance with applicable law and specifically with the 1990 amendment to T.C.A. § 50–6–229. As revised, the statute now requires that "[i]n determining whether to commute an award, the trial court shall consider whether the commutation will be in the best interest of the employee, and such court shall also consider the ability of the employee to wisely manage and control the commuted award irrespective of whether there exist special needs." *Id.*

The judgment of the trial court is reversed, and the case is remanded for further proceedings as outlined above. Costs on appeal will be taxed equally to the parties.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.