NORTH AMERICAN ROYALTIES, INC., Plaintiff–Appellant,

v.

Rufus THRASHER, Jr., Defendant–Appellee.

Supreme Court of Tennessee, at Knoxville.

Sept. 30, 1991.

Joseph C. Wilson, III, Chattanooga, for plaintiff-appellant.

J. Taylor Walker, Chattanooga, for defendant-appellee.

## OPINION

DAUGHTREY, Justice.

This workers' compensation appeal concerns the propriety of the trial court's award of a partial lump-sum payment to the injured employee, Rufus Thrasher, Jr. The order of commutation was apparently designed to permit full payment of attorney's fees to Thrasher's lawyer and to give Thrasher enough money to make a down payment on a house. The remainder of the award is to be paid on a periodic basis, as provided by statute. For the reasons set out below, we conclude that the record in its current state does not support commutation. Moreover, we find no statutory authority for the lump-sum payment of attorney's fees. We therefore reverse the judgment and remand the case for further proceedings.

## FACTUAL BACKGROUND

Thrasher was originally injured on the job in September 1986. His employer, North American Royalties, conceded compensability and began making weekly temporary total disability payments to Thrasher. His medical problems persisted over several years, and eventually he required surgery. Thrasher's physician concluded that his patient did not reach maximum medical recovery until February 1990.

In the meantime, however, North American Royalties filed a reverse compensation action in August 1989, growing out of its continuing dispute with Thrasher over the extent of his permanent disability. The trial court resolved this dispute, finding in September 1990 that Thrasher had sustained a 75 percent permanent partial disability to the body as a whole.

Within a week of trial, Thrasher's attorney filed a non-specific motion for commutation, which counsel argued before the trial court in October 1990. However, no proof was presented at that time. Instead, Thrasher's lawyer merely reminded the trial judge that his client had testified at trial that the mortgage on his home had been foreclosed because his weekly compensa-

tion payments were not sufficient to permit him to keep up with the payments. Counsel told the court that Thrasher was currently living in an apartment but "would like to get back the same type of standard of living he had before as best he could. He would like to purchase a house." No proof was offered to show whether or not Thrasher could afford to buy a house, even with the advantage of a down payment. Nor was there any testimony concerning his current income.

There was no indication, for example, that Thrasher's income had increased, or was likely to increase, from its level at the time of the foreclosure. Thrasher was not employed at the time of trial and had no prospects for employment, because of his disability. He testified that he was unable to do anything at home; even washing the dishes, he said, was too strenuous for him. His wife was suffering from unspecified "medical problems," and although she was employed "on the swing shift" at a company called Fibron, there is nothing in the record to indicate what her income was. The couple had no children.

If the proof to support partial commutation for a down payment on a house is skimpy, the evidence regarding the advisability of a lump sum payment of fees to Thrasher's attorney is totally lacking in the record. Indeed, the subject was not mentioned until the trial judge asked about arrangement for the payment of attorney's fees. The issue was left open, pending final judgment.

That judgment awards the employee $56,700, with a lump sum payment of attorney's fees in the amount of $11,340.00, representing a 20 percent award. Another $15,000 is payable directly to Thrasher, with the remaining amount to be paid at the statutory rate of $189 per week. There are no specific findings of fact in the order with regard to the two lump sum payments, nor any indication of the purpose to be served by the $15,000 payment to Thrasher. Both lump-sum amounts were awarded over the objection of the employer, North American Royalties.

## COMMUTATION IN THE EMPLOYEE'S FAVOR

■ Despite a tendency on the part of some trial courts to treat commutation as a purely discretionary matter, this Court has long recognized that lump-sum awards are an exception to the general purposes of our workers' compensation laws. *Valles v. Daniel Construction Co.*, 589 S.W.2d 911, 912 (Tenn.1979); *Reece v. York*, 199 Tenn. 592, 288 S.W.2d 448, 450 (1956). Thus, we have repeatedly held that commutation should occur only in exceptional circumstances and not as a matter of course. *See, e.g., Williams v. Delvan Delta, Inc.*, 753 S.W.2d 344, 349 (Tenn.1988); *Van Hooser v. Mueller Co.*, 741 S.W.2d 329, 330 (Tenn.1987). The right to payment by lump sum cannot be established by waiver. *Duckworth v. Globe Business Furniture, Inc.*, 806 S.W.2d 526 (Tenn.1991). Moreover, commutation of an award of periodic payments should not be ordered perfunctorily, without careful inquiry by the trial judge as to all the facts and circumstances. *Smith v. Gallatin Nursing Home*, 629 S.W.2d 683, 685 (Tenn.1982).

The methodology of such an inquiry has been set forth by this Court, as follows:

> Before the trial judge decides to commute an award he ought to be able to ascribe a good reason therefor arising from the evidence produced before him. The employee bears the burden of showing that it is in his best interest that the award be commuted rather than paid in installments. The reason most commonly advanced for commuting an award is that the plaintiff has some special need for receiving the money in a lump sum....

*Fowler v. Consolidated Aluminum Corp.*, 665 S.W.2d 713, 715 (Tenn.1984).

In the wake of *Fowler*, this Court adopted the so-called "special needs" test as a threshold requirement for a showing of "best interest." In *Flowers v. South Central Bell Telephone Co.*, we elucidated the interrelationship between these factors by stating that "the plaintiff has shown that a *special need* exists for his receiving the compensation award in a lump sum and

that it is, therefore, in his *best interests* that that be done." 672 S.W.2d 769, 772 (Tenn.1984) (emphasis added).

In 1990, the requirement of judicial inquiry was codified by an amendment to T.C.A. § 50–6–229 governing lump-sum payments. That amendment, applicable to the commutation motion in this case, provides:

> In determining whether to commute an award, the trial court shall consider whether the commutation will be in the best interest of the employee, and such court shall also consider the ability of the employee to wisely manage and control the commuted award irrespective of whether there exist special needs.

The amendment is consistent with the Court's determination in *Fowler* that an employee's "best interest" is the primary factor in determining whether benefits should be commuted. The import of the amendment is to eliminate the threshold inquiry into whether the employee has demonstrated a "special need."

Since the 1990 amendment became effective, we have reiterated our position that the employee must demonstrate "circumstances necessitating such a commutation" before one will be granted. *Lock v. National Union Fire Insurance Co.*, 809 S.W.2d 483, 489 (Tenn.1991). Moreover, in the recent case of *Harness v. CNA Insurance Co.*, 814 S.W.2d 733, 736 (Tenn.1991), we applied the 1990 amendment but quoted with approval from *Burris v. Cross Mountain Coal Co.*, 798 S.W.2d 746, 750 (Tenn. 1990) (citations omitted), as follows:

> The purpose of workers' compensation is to provide injured workers with periodic payments which are a substitute for regular wages. Lump sum awards are an authorized exception to this purpose and therefore are not to be awarded as a matter of course.

*Harness* at 736.

We have thus recognized, implicitly, that workers' compensation is not merely a substitute for an award of liquidated damages in a tort action, but is part of a statutory scheme designed to cushion an injured worker during the period of his or her

disability. As noted in Larson, 3 Workmen's Compensation Law § 82.71:

> In some jurisdictions, the excessive and indiscriminate use of the lump-summing device has reached a point at which it threatens to undermine the real purposes of the compensation system. Since compensation is a segment of a total income insurance system, it ordinarily does its share of the job only if it can be depended on to supply periodic income benefits replacing a portion of lost earnings. If a partially or totally disabled worker gives up these reliable periodic payments in exchange for a large sum of cash immediately in hand, experience has shown that in many cases the lump sum is soon dissipated and the workman is right back where he would have been if workmen's compensation had never existed.

As Larson further notes, there is a constant tension between the core purpose of the compensation statute and certain economic pressures to commute:

> One reason for the persistence of this problem [of indiscriminate commutation] is that practically everyone associated with the system has an incentive—at least a highly visible short-term incentive—to resort to lump-summing. The employer and the carrier are glad to get the case off their books once and for all. The claimant is dazzled by the vision of perhaps the largest sum of money he has ever seen in one piece. The claimant's lawyer finds it much more convenient to get his full fee promptly out of a lump sum than protractedly out of small weekly payments. The claimant's doctor, and his other creditors and his wife and family, all typically line up on the side of encouraging a lump-sum settlement.

*Id.* Larson suggests that the "only solution lies in conscientious administration" of the system, "with unrelenting insistence that lump-summing be restricted to those exceptional cases in which it can be demonstrated that the purpose of the [workers'

compensation] Act will best be served by a lump-sum award." *Id.* We conclude that the Tennessee statute can and must be read in the light of these principles.

■ When the legislature amended § 50-6-229 to eliminate the necessity of establishing a "special need" in order to secure commutation, it concomitantly imposed upon the worker the burden of establishing, first, that a lump-sum award is in his or her "best interest" and, second, that the worker is capable of "wisely managing and controlling the commuted award." Because the amendment does not specify what factors are to be considered in meeting the best-interest prong of this two-prong test, the courts will be called upon to exercise their discretion on an ad hoc basis, and we will be forced to review the awards on the same basis. In the absence of explicit legislative direction otherwise, however, we suggest that one standard relevant to the "best interest" inquiry, and the one more nearly consistent with the purpose of the workers' compensation statute, is the relevance of commutation to the rehabilitation of the worker seeking a lump-sum award.[1]

■ In the instant case, the injured employee's disability resulted in the loss of his former home for failure to meet his monthly mortgage payments. We have in the record his attorney's statement to the trial court that Thrasher wants a lump-sum award in order to purchase another house. Under appropriate facts and circumstances, this Court has approved lump-sum awards for the purpose of allowing an injured employee to purchase a home. *See Clark v. National Union Fire Insurance Co.,* 774 S.W.2d 586, 590 (Tenn.1989); *Kelley v. 3-M Co.,* 639 S.W.2d 437, 439–40 (Tenn.1982); *Smith, supra,* 629 S.W.2d at 685. Even after the 1990 amendment, we have indicated that a demonstrated need for housing may provide a basis upon which to order

---

**1.** Thus, in noting the need to restrict commutation to "those exceptional cases in which it can be demonstrated that the purpose of the [workers' compensation] Act will be best served by a lump-sum award," Larson points out that rehabilitation of the worker is the only recommended basis for a lump-sum award in legislation suggested by the Council of State Governments. Larson, 3 Workmen's Compensation Law § 82.71.

commutation. *Harness, supra,* 814 S.W.2d at 736.

Before a lump-sum amount can be awarded, however, there must be evidence in the record to support commutation. If the proof developed at trial is insufficient to allow the trial court to make a proper determination concerning the employee's best interest and his or her "ability to wisely manage and control" a commuted award, then a post-trial hearing should be held. The record developed in the trial court must be sufficiently detailed to facilitate a review on appeal. *See Duckworth, supra,* 806 S.W.2d at 527.

Here, we have no evidence in the record to establish the employee's intent to buy a house, nor do we have any proof concerning how much money he would need as a down payment if he were actually to pursue such a purpose. We have no information about his financial position, or, for that matter, the likelihood that with his present income he will be able to secure a mortgage. Finally, in view of his inability to maintain payments on his former house, there is no proof to establish his current ability "to wisely manage and control the commuted award" contained in the trial court's judgment.

Because Thrasher's financial condition presumably can be ascertained and because his request for a lump sum is potentially meritorious, we conclude that this matter should be remanded to the trial court for an evidentiary hearing in order to determine what lump-sum amount that Thrasher is due, if any. As noted above, one relevant factor for the trial court's consideration is specific evidence of Thrasher's financial resources. The trial court should determine whether the circumstances support Thrasher's request for a lump sum to allow him to make a down payment on a home. Finally, if the circumstances do support Thrasher's request, the trial court should decide the specific amount necessary for Thrasher to make a down payment on a home.

In this regard, we reiterate our instruction in *Duckworth* that "[o]n remand, the trial court is directed to make affirmative findings on the record in accordance with applicable law and specifically with the 1990 amendment to T.C.A. § 50–6–229." 806 S.W.2d at 527.

### COMMUTATION FOR PAYMENT OF ATTORNEY'S FEES

■ The question of whether a trial court has the authority to commute periodic payments and order the lump-sum payment of attorney's fees in a workers' compensation case is one of first impression before this Court. In considering the issue, it is well to remember that the statute speaks solely in terms of what is in the employee's best interest. T.C.A. § 50–6–229, as amended. Hence, under the workers' compensation system in effect in this state, the interest of the employee's attorney is not directly implicated. As far as we are able to determine from an examination of the statute, any interest the attorney may have is derivative of the interests of the client. When awarding lump sum benefits to injured employees, this Court has stated that the awards may be "subject to counsel fees already approved by the trial judge...." *West v. C.B. Ragland Co.,* 785 S.W.2d 351 at 353 (Tenn.1990). Thus, at most, Thrasher's attorney could receive the statutory percentage of any lump-sum amount that may be awarded to Thrasher on remand.

We have considered carefully the argument that the employee in this case will benefit from having his attorney's fees paid at the outset, on the ground that his later weekly benefit will not be reduced. The obvious answer to this argument is that his weekly benefits will also end much sooner because of the initial depletion of his award. To conclude that one outcome is preferable to the other strikes us as nothing more than speculation, which is clearly an insufficient basis for a lump sum award under § 50–6–229(a), as amended. We therefore hold that the commutation ordered by the trial court to permit outright payment of the attorney's fee was not authorized by statute and must be set aside.

This is not to say that we are unsympathetic to the trial court's good intention in entering the order. From the point of view of the attorney for the injured employee, receipt of an approved fee in a lump sum is not only reasonable, but obviously advantageous. It is also imminently fair, given the likelihood that the employer's attorney is not relegated to payment for services on a piecemeal basis over a period that may last almost five years. Moreover, a statutory provision requiring the full payment of attorneys' fees at the time the award is granted would relieve at least some of the pressure to order lump-sum payments on an indiscriminant basis and would avoid any conflict between the lawyer's best interest and that of the client.

Despite the obvious equities of such a system, there is no provision in the workers' compensation statute, as currently enacted, that could be read to authorize the lump-sum award of attorney's fees in this case. Certainly, there is no evidence in the record before us that establishes, explicitly or implicitly, that it is somehow in the "best interest" of this particular client to have his attorney paid in a lump sum. We could reach such a finding under T.C.A. § 50–6–229(a) only by engaging in an artificially strained interpretation of that statutory provision. Moreover, in the absence of peculiar circumstances affecting only this case, such an interpretation would necessarily be applicable in every workers' compensation case, with the result that every attorney representing an injured worker would be entitled to the payment of fees on a lump-sum basis. Such a holding would clearly amount to legislation on our part, a role which courts consistently shun. We can only conclude that if the Tennessee General Assembly intends that lawyers in workers' compensation cases should themselves be compensated in lump-sum payment, the legislature should so provide by express enactment.

The judgment of the trial court as to the amount of compensation is affirmed. As to the method of payment, the judgment is reversed and the case is remanded for further proceedings in conformity with this opinion.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.