James **SKINNER**, Plaintiff–Appellee,

v.

**CNA INSURANCE COMPANY,**
Defendant–Appellant.

Supreme Court of Tennessee,
at Jackson.

Jan. 13, 1992.

Gregory D. Jordan, Jackson, for defendant-appellant.

Ricky L. Boren, Jackson, for plaintiff-appellee.

## OPINION

DAUGHTREY, Judge.

The only issue raised by this appeal is the sufficiency of the evidence to support commutation of the employee's remaining workers' compensation benefits to a lump-sum payment, as ordered by the trial court. The question is controlled by T.C.A. § 50–6–229(a) and by the standards set out in *North American Royalties, Inc. v. Thrasher*, 817 S.W.2d 308 (Tenn.1991), interpreting the 1990 amendment to that statutory provision.

In its amended form, T.C.A. § 50–6–229(a) now provides:

> In determining whether to commute an award, the trial court shall consider whether the commutation will be in the best interest of the employee, and such court shall consider the ability of the employee to wisely manage and control

the commuted award irrespective of whether there exist special needs.

■ Reviewing this provision in *Thrasher*, we recognized that "commutation should occur only in exceptional circumstances and not as a matter of course." *Id.* at 310. We also held that the burden of proving entitlement to commutation rests on the employee, who must make an affirmative showing both that a lump-sum award is in his "best interest" and that he can "wisely manage and control" such an award. *Id.* at 312. It is clear from *Thrasher* that commutation cannot be supported by a silent record. *Id.*

The record in this case, although abbreviated, is not silent. It shows that the employee, James Skinner, had been awarded total permanent disability benefits in May 1990, in the amount of $84,000. He had already collected some $23,000 of the award, by means of periodic payments, at the time he filed the "motion for lump sum" now under review. That motion was filed approximately three years after the work-related injury occurred and one year after final judgment was entered in his favor.

The chancellor held an evidentiary hearing on the motion and considered the testimony of at least two witnesses. However, there is no transcript of the hearing in this record. Instead, we have only a summary of the testimony, stipulated by the parties as follows:

### TESTIMONY OF MRS. EVELYN SKINNER

1. She is the wife of the injured employee, James Skinner.

2. Mr. James Skinner is sixty-one (61) years of age.

3. Mr. Skinner has been in Jackson–Madison County General Hospital since November 18, 1990. At this time, the workers' compensation carrier has refused to pay his bills for that hospitalization.

4. She does not know when he will be allowed to leave the hospital or if he ever will be allowed to.

5. Mr. and Mrs. Skinner took Chapter 13 bankruptcy in 1988 and it would require $30,000.00 to pay off their Chapter 13 plan.

6. Mrs. Skinner has serious health problems herself, including diabetes.

7. Mrs. Skinner has monthly medication expenses of $400.00 per month.

8. Mrs. Skinner's mind is still clear and she feels she could handle this workers' compensation award if the judge elected to give it to she and Mr. Skinner.

There was no cross-examination by defense counsel.

### TESTIMONY OF MRS. CHARLOTTE PICKENS

1. She is Mrs. Skinner's mother.

2. Mrs. Skinner is living with her while Mr. Skinner is in the hospital.

3. She would assist Mrs. Skinner in handling any funds that the court awarded to them.

There was no cross-examination by defense counsel.

In the final order, the chancellor found "that the employee, James Skinner, had special needs for his award to be paid in the lump sum; that the award of a lump sum would be in the employee's best interest at this time and that the proof indicated that the employee's wife with the assistance of her mother could wisely manage and control the award." Based on these findings, the chancellor concluded that commutation was proper and ordered a lump-sum payment of the remaining benefits.

■ The employer's compensation carrier, CNA Insurance Company, appeals the chancellor's ruling, contending that (1) there is insufficient proof that a lump-sum award is in the employee's best interest, (2) there is no showing of a "specific need or exceptional circumstance" to support the lump-sum award, and (3) the fact that "the [employee's] chances for surviving long enough to receive all the remaining periodic benefits is an inappropriate basis for awarding all such remaining payments in a lump sum." Under T.C.A. § 50–6–225(e),

our review of the record is *de novo,* but the chancellor's findings carry a presumption of correctness and will not be disturbed unless we conclude that the evidence preponderates against them. Because the issue before us is one of fact, the party who brought the appeal (in this case, the insurance company) bears the risk inherent in proceeding on the basis of a narrative summary rather than a full transcript of the testimony at the hearing.

■ As a legal matter, we agree with the insurance company's contention that a shortened life expectancy would not be an appropriate basis, in and of itself, for full commutation of a workers' compensation award. If properly presented, however, it might be one factor, along with others, to be considered in determining what is in the employee's "best interest" when that employee seeks commutation. Here, however, the stipulated record is devoid of proof on this point, and it was not specifically treated as a basis for recovery by the chancellor, except as it may have related to the employee's "special needs" or his "best interest."

■ As to the employee's "special needs," we think that the record, even in its abbreviated form, establishes clearly that James Skinner "needed" commutation of his original award to a lump-sum payment, based upon his circumstances at the time of the hearing. However, as we noted at some length in our opinion in *Thrasher, supra,* 817 S.W.2d at 311, the 1990 amendment to § 50–6–229(a) eliminated the "special needs" test formerly utilized by this Court to determine the propriety of a lump-sum award. But, while a showing of "special needs" as a threshold matter has been abrogated by the legislature, nothing in the 1990 amendment suggests that "special needs," like special circumstances, cannot be taken into account in determining what is in the injured employee's "best interest."

■ We suggested in *Thrasher* that the central question in determining "best interest" is whether a lump-sum award will materially assist in the rehabilitation of the injured employee. *Id.* at 311. Here, the

issue is James Skinner's medical rehabilitation, rather than his vocational rehabilitation, but the principle is the same. The court's focus should be on what is necessary to permit the injured employee to recover to the point where he can overcome his current disability and become a functioning worker once again.

The stipulated record in this case does not give us details, but it does establish that since his injury in 1988, James Skinner has suffered severe medical problems of an unspecified nature, which in turn have caused major financial problems, and that his dire circumstances will be improved by commutation of what remains of the original workers' compensation award. We have no difficulty in deciding that the evidence, as summarized, does not preponderate against the chancellor's determination in this regard.

■ As to the ability of the employee to wisely manage and control a lump-sum award, we can only conclude that there is no proof in the record to contradict the chancellor's decision on this point. The mere fact of a prior bankruptcy, coming as it did in the same year that the employee was rendered totally disabled, is not dispositive. The chancellor heard the unchallenged testimony of two family members concerning the employee's financial circumstances and their ability to handle them, and he determined that the statutory requirements of § 50–6–229(a) had been met. The evidence does not preponderate against the chancellor's decision.

We find no merit to the issue raised on appeal, and we therefore affirm the judgment of the trial court. Costs will be taxed to the appellant.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.