Donald Ray BAILEY, Plaintiff–Appellee,

v.

COLONIAL FREIGHT SYSTEMS, INC., Defendant–Appellant.

Supreme Court of Tennessee, at Knoxville.

July 20, 1992.

E. Jerome Melson and Richard L. Hollow, Watson, Hollow & Reeves, Knoxville, for defendant-appellant.

David H. Dunaway, LaFollette, for plaintiff-appellee.

## OPINION

ANDERSON, Justice.

In this workers' compensation appeal, the trial court awarded 65 percent permanent partial disability to the body as a whole and commuted the award to a lump sum. The defendant concedes the employee suffered a compensable injury and questions only the amount of the disability award and whether it should have been commuted to a lump sum. We conclude that the amount of the award is correct, but that it should be paid periodically and not in lump sum.

### FACTUAL BACKGROUND

The plaintiff, Donald Ray Bailey, aged 47, was, at the time of the accident, employed as a truck driver by Colonial Freight Systems, Inc. On April 23, 1990, in Salem, Indiana, the plaintiff was removing boxes of meat from his truck, stacking them on pallets, when a pallet broke and he "felt a pull in his back and then went to the floor." Medical treatment was obtained locally. The plaintiff then returned to Tennessee, where he was seen by Dr. George Stevens, an orthopedic surgeon in Oak Ridge, Tennessee, on April 27, 1990. Dr. Stevens diagnosed his difficulty as a lumbar strain, treated him with medication and physical therapy, and released him to return to work in late May of 1990. Working caused him difficulty, and he returned in July for treatment. Dr. Stevens took him off work, prescribed therapy, and concluded at the end of three weeks that he could not return to work as a long-haul truck driver at that time.

After resuming work for four more weeks, the plaintiff continued to experience back pain. He then was referred by his employer to Dr. William Kevin Bailey, a Knoxville orthopedic surgeon, who found that the plaintiff had degenerative disc disease and treated him for the next several months. Permanent partial disability of 3–5 percent to the body as a whole was assessed by Dr. Bailey, who also concluded that the plaintiff could not lift more than 25 pounds, nor could he return to his previous employment as a truck driver.

Dr. William Kennedy, an orthopedic surgeon in Johnson City, Tennessee, evaluated the plaintiff in January and August of 1991; found that he had degenerative disc disease aggravated by trauma and a 50 percent range of motion; assessed a 19

percent permanent partial disability to the body as a whole; and restricted him from repeated bending, stooping or squatting, heavy lifting, and walking over rough terrain.

A physical therapist, Kelly Lenz, also evaluated the plaintiff. She testified that the plaintiff could only do light work; that he should be restricted to occasional lifting of 15–20 pounds; and that he should not do repetitive bending, stooping or twisting. Lenz further testified that the plaintiff had suffered a permanent impairment of 13 percent, based on loss of motion. Although no objection was made to this proof, we have previously held that physical therapists are limited in the range of their expertise and, therefore, restricted in the professional opinions that may be expressed. *See Bolton v. CNA Ins.*, 821 S.W.2d 932 (Tenn.1991).

Dr. Norman Hankins, a vocational disability expert, testified the plaintiff suffered a vocational disability of 78 percent. Hankins obtained a vocational history, administered multiple tests, after which he used a computer program as an aid in assessing plaintiff's disability. The defendant objected to Hankins' testimony, arguing that the expert could identify no experts or literature within his field of learning to support the computer methodology he used in arriving at his opinion. In addition, the defendant asserted Hankins could cite no authorities to support his equating foreclosure from the labor market access to vocational disability. The trial court denied the motion to exclude Hankins' testimony.

Dr. Eric Engum, a clinical psychologist, testified that the plaintiff was a superb candidate for vocational rehabilitation; that he was intelligent; that he had transferable skills; that he could be retrained within six months to a year; and that as a result, he only had a 16 percent vocational disability. In addition, he disagreed with the methodology used by expert Hankins in assessing the plaintiff's vocational disability.

With respect to future employment, the plaintiff expressed a willingness to undertake rehabilitation and further education. His previous employment was as a tractor-trailer driver for 20 years and, before that, he worked as a fork lift operator and as a material handler and inspector. Both vocational experts agreed that plaintiff should be referred for vocational rehabilitation services.

On the basis of the foregoing proof, the trial court found the plaintiff had "suffered a low-back injury and has been out of work for several months, and according to all authoritative sources is unable to return to his job as a truck driver." The court found that the plaintiff had obtained his GED in the military but was not functioning at the high school grade level; that he had no real transferable skills, but he has "an average chance of rehabilitation and retraining," and, at the present time, is limited to light or sedentary work. Based on these findings, the court found that the plaintiff had sustained a permanent partial disability of 65 percent to the body as a whole.

With respect to the lump sum award, the court found as follows:

> The complainant is a steady family man with two sons, aged 15 and 13, who lives in a mobile home on which there is owed an indebtedness. He wants to construct a three-bedroom home on his land and the court finds that he is entitled based upon his special needs to obtain his award in a lump sum.

■ Our review of findings of fact by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(1983 & 1991); *Lollar v. Wal–Mart Stores, Inc.*, 767 S.W.2d 143 (Tenn.1989).

■ The defendant first argues that the trial court erred in admitting the testimony of the vocational expert, Dr. Norman Hankins. Specifically, the defendant argues that Dr. Hankins' testimony should be excluded under Rules 703 [1] of the Tennessee

---

**1.** "The facts or data in the particular case upon     which an expert bases an opinion or inference

Rules of Evidence, which provides that if the basis of opinion testimony by an expert is inadmissible facts or data, they must be of a type reasonably relied upon by experts in the particular field in forming opinions, and that the court shall disallow an opinion if the underlying facts or data indicate a lack of trustworthiness. The defendant argues that the data described by Dr. Hankins in establishing a predicate to the vocational disability rating is not of a type reasonably relied upon by experts in the field of vocational assessment, nor is it trustworthy. The defendant complained of Hankins' use of a labor market access computer program which assumed certain aptitudes of the plaintiff, which had not been tested. Finally, the defendant argues that if Hankins' proof were excluded, the disability award should be reduced.

We have reviewed Hankins' testimony in its entirety and agree that the trial court did not err in admitting the vocational expert's testimony. We conclude, therefore, that the defendant's argument has no merit.

### LUMP–SUM AWARD

■ The defendant next argues that the court erred in awarding the plaintiff a lump-sum award of permanent partial disability benefits. In determining whether to commute an award to lump sum, "the trial court shall consider whether the commutation will be in the best interest of the employee, and such court shall also consider the ability of the employee to wisely manage and control the commuted award, irrespective of whether there exists special needs." Tenn.Code Ann. § 50–6–229(a) (1991). This statute vests discretion in the trial court to permit or refuse lump sum commutation. *Fowler v. Consol. Aluminum Corp.*, 665 S.W.2d 713, 714 (Tenn. 1984). However, "the discretion thus vested in the trial judge is not absolute but is a judicial one which is reviewable in the appellate courts and may be reversed if the appellate court finds that the decision of the trial court was an abuse of judicial discretion." *State v. Grear*, 568 S.W.2d 285, 286 (Tenn.1978) (quoted in *Fowler v. Consol. Aluminum Corp., supra*, 665 S.W.2d at 714).

■ Under the statute, which was amended in 1990 to eliminate the threshold inquiry into whether the employee has demonstrated a special need, the burden is upon the worker to establish first that a lump sum is in his or her "best interest," and second that the worker is capable of "wisely managing and controlling the commuted award." *North Am. Royalties, Inc. v. Thrasher*, 817 S.W.2d 308, 310–11 (Tenn. 1991).

■ Lump-sum awards are an exception to the general purposes of our workers' compensation law. *Valles v. Daniel Constr. Co.*, 589 S.W.2d 911, 912 (Tenn. 1979); *Reece v. York*, 199 Tenn. 592, 596, 288 S.W.2d 448, 450 (Tenn.1956). As a result, this Court has repeatedly held that commutation should occur only in exceptional circumstances, and not as a matter of course. *See, e.g., Williams v. Delvan Delta, Inc.*, 753 S.W.2d 344, 349 (Tenn. 1988); *Van Hooser v. Mueller Co.*, 741 S.W.2d 329, 339 (Tenn.1987). Accordingly, commutation of an award should not be ordered perfunctorily without careful inquiry by the trial judge as to all the facts and circumstances. *Smith v. Gallatin Nursing Home*, 629 S.W.2d 683, 685 (Tenn. 1982). We have also held the purpose of workers' compensation is to provide injured workers with periodic payments, which are a substitute for regular wages. *Burris v. Cross Mountain Coal Co.*, 798 S.W.2d 746 (Tenn.1990).

■ The only proof offered in this case that a lump-sum award is in the employee's best interest is that he is living in a mobile home with his wife and two teenaged boys, and would like to build a home to provide

---

may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. The court shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate lack of trustworthiness."

more room. In addition, he wants to pay debts of $8,000.00, encumbering his mobile home and an automobile, and an additional $2,000.00 owed to relatives.

Under appropriate facts and circumstances, this Court has approved lump-sum awards for the purpose of allowing an injured employee to purchase a home. *See Harness v. CNA Ins. Co.*, 814 S.W.2d 733 (Tenn.1991); *Clark v. National Union Fire Ins. Co.*, 774 S.W.2d 586 (Tenn.1989); and *Kelley v. 3–M Co.*, 639 S.W.2d 437 (Tenn.1982). Before a lump-sum amount can be awarded, however, there must be evidence in the record to support commutation. Here, we have no evidence in the record of inadequate housing, nor is there evidence of a specific house plan or contract price. In addition, there is no proof of whether a mortgage is needed, nor whether the employee has the capacity to pay mortgage payments if required. We note the total funds requested amount to approximately $60,000.00, which would exceed the net lump-sum award of approximately $50,000.00. Moreover, with respect to the second prong of the test—i.e., the ability to wisely manage and control the commuted award—the only proof in the record is as follows:

*Q.* Do you think you can handle your money?

*A.* Yes, sir.

*Q.* Have you ever taken bankruptcy before?

*A.* No, sir.

This sparse record is woefully insufficient and falls far short of what is required to satisfy the financial management test.

In *North Amer. Royalties v. Thrasher*, 817 S.W.2d 308 (Tenn.1991), we noted that Professor Larson had observed that the rehabilitation of the worker is the only recommended basis for a lump-sum award in legislation suggested by the Council of State Governments. Larson, 3 Workmen's Compensation Law § 82.71. As we said in *Thrasher*, one standard relevant to the best interest *inquiry and* the one more nearly consistent with the purpose of the workers' compensation statute is the rele-

vance of commutation to the rehabilitation of the worker seeking the lump-sum award.

 We think, in view of the plaintiff's present inability to work and his potential for rehabilitation, that his best interest is served by limiting any lump-sum award to his future rehabilitation to be used, if necessary, for education and retraining. Accordingly, we find the trial court erred in granting the lump-sum award.

The trial court judgment is affirmed as to the amount of disability, and reversed as to the lump-sum award. The case is remanded for further proceedings in conformity with this opinion. The costs are taxed equally between the plaintiff and the defendant.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.