**Larry FORKUM, Plaintiff/Appellee,**

v.

**AETNA LIFE AND CASUALTY INSURANCE COMPANY and G.C. Masonry Company, Defendants/Appellants.**

Supreme Court of Tennessee,
at Nashville.

April 15, 1993.

Arthur E. McClellan, Gallatin, for defendants/appellants.

E. Guy Holliman, Frank D. Farrar, Farrar & Holliman, LaFayette, for plaintiff/appellee.

## ORDER

PER CURIAM.

This case is before the Court upon the entire record, including the Order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved and published; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Before DROWOTA, J., and JOE C. LOSER, Jr., and JAMES M. SWIGGART, Special Judges.

## MEMORANDUM OPINION

JAMES M. SWIGGART, Special Judge.

This workers' compensation case was tried on February 21, 1992, and, after hearing proof, the trial court concluded that plaintiff had sustained an injury arising out of and in the course and scope of his employment with the G.C. Masonry Company resulting in a one hundred per cent permanent vocational disability to the body as a whole. Although the complaint sought a commutation of all disability payments, no proof relating to that matter was heard at the trial and the final order made no reference to that application. No appeal has been taken from that order.

After the entry of the final order on March 19, 1992, plaintiff filed a motion seeking to have a significant portion of the award paid in a lump sum. This motion came on for hearing on April 2, 1992, and evidence was presented by plaintiff through testimony of himself and his wife concerning plaintiff's income, debts and needs. The Court then entered an order on April 7, 1992, containing the following:

> It is the finding of this Court that it is in the best interest of and to the benefit of the injured worker, Larry Forkum, that his debts be paid as are set out in his March 18 motion as well as the new debts set out above....

The trial court then awarded $24,960.00 that after deducting a 20% attorney's fee left $19,968.00 and the court ordered plaintiff to pay all of that sum on his debts and to pay them in full. From this order, defendant appeals.

### Issues

Defendant/Appellant presents two issues for decision. The first issue is expressed thus:

> Whether the trial court erred in commuting Plaintiff's workers' compensation award when Plaintiff did not prove the necessity for a lump sum payment *during trial*, but moved for a hearing on commutation following final judgement and without showing a *change in circumstances.*

Whether the trial court erred in considering attorney's fees when making a lump sum award of workers' compensation benefits.

■ The panel answers both issues in the negative and affirms the trial court. There is no statute or court rule which directs that a motion for commutation be filed at any time. Defendant relies upon *Lock v. National Union Fire Ins. Co. of Penn.*, 809 S.W.2d 483, 489 (Tenn.1991) and this opinion contains these words:

[After affirming the trial court's denial of commutation of future benefits, the Court

said] [t]he plaintiff may file a motion in the Chancery Court pursuant to T.C.A. § 50–6–229, seeking commutation to one or more lump sums if he can show a sufficient change in circumstances necessitating such commutation.

The panel is of the opinion that this statement is an observation as to what the plaintiff might do after the trial court's initial denial of commutation, and while the Court may have intended to create a requirement or condition for future commutation hearings, it did not clearly say so. It does indicate that there is no time requirement for when such a motion may be filed. It does not change the two pronged test in the statute of best interests and ability to handle the funds.

We think the trial court fully complied with the principles set in *Fowler v. Consolidated Aluminum Corp.*, 665 S.W.2d 713 (Tenn.1984) and *North American Royalties v. Thrasher*, 817 S.W.2d 308 (Tenn. 1991). In *Thrasher* it was shown that such tests as exceptional circumstances and special needs are part of the best interest test, and there was no creation of a separate test. There was evidence before the court in the present case from which it could be found that commutation in the manner specified is in the best interest of the worker. It is interesting to note that the trial judge did not leave the injured worker any funds to manage but required that the entire commutated sum be paid out to creditors.

■ Appellant's second point has to do with the additional commutation for attorney's fees. The panel is of the opinion that appellant's reliance on *North American Royalties, Inc. v. Thrasher*, 817 S.W.2d 308 (Tenn.1991) in regard to attorney's fees is misplaced. While, prior to the statute, there were no authority for a commutation solely for the purpose of paying all of the attorney's fees at once, the Court said: "Thus, at most, Thrasher's attorney could receive the statutory percentage of any lump-sum amount that may be awarded to Thrasher on remand." The trial judge was within the law in allowing attorney's fees to the extent of the award commutated.

For the reasons stated above, the judgment of the trial court is affirmed. The costs of this appeal are taxed to the defendant/appellant.

The Court notes that neither the TRCP nor the statute, T.C.A. § 50–6–229, contain specific procedural rules for presenting a claim for commutation of benefits and that more specific guidelines would be beneficial to the bench and bar. We are also mindful that the public welfare requires that the expense of administering the workers' compensation law be minimized to the greatest practical extent. Multiple hearings should be avoided when it is reasonable to do so. We, therefore, suggest the following procedures.

■ Requests for commutation of benefits should be made in the complaint, either originally or by amendment prior to trial. The complaint should allege that commutation would be in the best interest of the employee and also that the employee has the ability to wisely manage and control the commuted award.

■ In cases where the pleadings show that the employee is entitled to some award in any event, evidence supporting the request shall be presented as part of the plaintiff's proof in chief. Where the pleadings show that the plaintiff may not be entitled to any award, the trial judge shall make a determination, prior to the close of plaintiff's evidence, whether economy of judicial time is better served by hearing evidence in support of the request for commutation prior to or immediately after the

trial court's decision in regard to liability. In making this determination, the trial judge should consider the likelihood of having to take the case under advisement for a more detailed consideration and whether the expense to the parties of coming back for an additional hearing can be avoided.

■ A failure to present evidence at the time directed by the trial judge shall be deemed a waiver of the request for commutation of benefits.

■ In cases where no request for commutation of benefits is made in the complaint, or, if made, is waived, the employee's statutory right to apply for commutation by motion is recognized and protected. A motion filed under Rule 59, TRCP, must show a change in circumstances since the trial. A motion filed more than 30 days after judgment must show that commutation is in the best interest of the employee by circumstances discovered or arising after the entry of judgment.

These procedures may be enforced by trial and appellate judges after publication unless the justice of a particular case requires a dispensation of these procedures.

DROWOTA, J., and JOE C. LOSER, Jr., Special Judge, concur.