IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 1999 Session

## SANDRA ELIZABETH DUDLEY v. BOBBY G. DUDLEY, II

**Appeal from the Chancery Court of Montgomery County**
**No. 97-06-0128     Carol A. Catalano, Chancellor**

**No. M1998-00982-COA-R3-CV - Filed September 28, 2000**

In this divorce case, the trial court awarded the divorce to the Wife and divided the property. Husband appeals the award of the marital residence and its contents to Wife. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J. delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Robert Todd Jackson, Nashville, Tennessee, for the appellant, Bobby G. Dudley, II.

Timothy K. Barnes, Clarksville, Tennessee, for the appellee, Sandra E. Dudley.

**OPINION**

This case involves an appeal from the trial court's property distribution decision in a divorce which ended a nine year marriage. Bobby G. Dudley, II ("Husband") appeals the award of the marital residence and its contents to Sandra Elizabeth Dudley ("Wife"). He also appeals the court's decision not to provide him with any part of Wife's retirement plan. For the following reasons, we affirm.

I. Background

The parties were married in 1989 and separated in 1997. They have two children, a girl, born in 1989 and a boy, born in 1996.

The parties purchased the marital residence in 1990. Their home contained apartments, and Wife assumed the responsibility of renting out those apartments during the marriage. Wife and the children moved out in 1997, leaving Husband in the home. For seven or eight months during the separation, Husband did not rent the apartments, and, according to his testimony, he only made one mortgage payment. Wife testified that she made all the mortgage payments on

the marital residence during the marriage. The marital residence had equity of approximately $47,000 at the time of the trial.

Wife worked for the same employer throughout the marriage. Husband was employed at the time of the marriage, but stopped working regularly in 1991. He received a worker's compensation settlement of $35,000 early in the marriage and by the time of the trial he had $15,000 to $16,000 remaining. The record does not reveal the reason for the settlement. Thus, although we can assume Husband sustained a work-related injury at some point, we do not know the extent of the injury, nor whether Husband fully recovered. Evidence showed that Husband went fishing and patronized a "lounge" where he bet on football games while unemployed. Although Husband was not working, his mother cared for the children while Wife worked, and a neighbor met the older child when she got off the school bus.

The trial court found that Husband physically abused his wife and choked another woman. The court also found that Husband was arrested for marijuana use and that he was arrested twice for assaulting other people. The court found that Husband underwent counseling, but refused to take his prescribed medication.

The trial court awarded Wife a divorce on grounds of Husband's inappropriate marital conduct. Wife was awarded custody of the children and Husband was ordered to pay $60 per week in child support. The court awarded the marital residence, including all household furniture, utensils, and appliances to Wife, along with the corresponding debt on the residence. Each party retained his or her own vehicle, and Husband was awarded the Skeeter boat; each of those items was awarded subject to any debt on it. Husband was awarded the certificates of deposit which represented the balance of his worker's compensation settlement. Wife was ordered to pay certain credit card debts, and Husband was ordered to pay one credit card debt and any debt owed to his parents.

Husband appeals the awards of the equity in the marital residence, all household contents, and Wife's retirement plan to Wife, claiming the division of marital property was not equitable.

II. Standard of Review

We review the findings of fact by the trial court *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). Because the trial judge is in a better position to weigh and evaluate the credibility of the witnesses who testify orally, we give great weight to the trial judge's findings on issues involving credibility of witnesses. *See Gillock v. Board of Prof'l Responsibility*, 656 S.W.2d 365, 367 (Tenn. 1983).

In cases such as this one, involving issues of classification and distribution of property, a trial court's decisions on these matters is entitled to great weight on appeal. *See Batson v. Batson*, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). Accordingly, a trial court's division of the

marital estate should be presumed proper unless the evidence preponderates otherwise. *See Lancaster v. Lancaster*, 671 S.W.2d 501, 502 (Tenn. Ct. App. 1984).

Thus, Husband's burden in this appeal is to demonstrate that the evidence preponderates against the trial court's decisions. No transcript of the hearing is included in the record. Husband filed a Tenn. R. App. P. 24(c) Statement of the Evidence. That statement, objected to by Wife, was not approved by the trial court. *See* Tenn. R. App. P. 24(e) and (f). The Statement does not, however, provide any specific statements of fact or evidence which directly address some of the issues raised by Husband.[1] In the absence of a transcript or statement of the evidence, the trial court's findings of fact are presumed correct. *See King v. King*, 986 S.W.2d 216, 220 (Tenn. Ct. App. 1998).

### III. Classification of Property

Although Husband's primary complaint is the distribution of marital property, we note that he claims that some of the property awarded to him, presumably as marital property, was actually his separate property. In Tennessee, courts are to classify the parties' property as separate or marital property before dividing the marital property. *See Batson*, 769 S.W.2d at 856. Generally, separate property is that which was owned by one party before the marriage or given to one party during the marriage. *See* Tenn. Code Ann. § 36-4-121(b)(2) (1996). Marital property is, generally, that which was acquired by either or both parties during the marriage. *See* Tenn. Code Ann. § 36-4-121(b)(1).

Husband argues that his worker's compensation settlement, which was placed into certificates of deposit, should have been classified as separate property, and thus, was not subject to division. No evidence regarding the certificates (such as whether they were jointly held) or the nature of Husband's settlement or injury appears in the record other than in the trial court's findings. The trial court did not explicitly classify the certificates of deposit as separate or marital property, but did award them to Husband. We interpret the award, in the context of the entire decree,[2] as a distribution of marital property, meaning that the trial court determined that the certificates of deposit were marital property.

There appear to be no appellate decisions regarding the correct classification of workers' compensation lump sum payments. *See Miller v. Miller*, No. M1999-00226-COA-R3-CV, 2000 WL 546391 at *5 (Tenn. Ct. App. May 5, 2000) (no Tenn. R. App. P. 11 application filed)

---

[1] Husband's Statement of Evidence contained the following paragraph:

From the best of the Defendant/Appellant's recollection, he would submit that the proof at the final hearing also showed that this was a marriage of nine (9) years; that he contributed to this marriage as a wage earner, husband, and parent; that he contributed to the preservation and appreciation in value of the property by payment of mortgage payments, homemaking, cleaning, and yard work.

[2] In the final decree, the trial court referred to Husband's "dissipation of marital property" and noted that he had spent much of his workers' compensation settlement.

("whether the [workers' compensation] funds were, in fact, separate property appears to be an open question in this state"). However, in other related contexts, our courts have adopted an analytical approach focusing on the purpose of the payment. *See Gragg v. Gragg*, 12 S.W.3d 412, 417-18 (Tenn. 2000) (adopting an "analytical approach" to payments under a private disability insurance policy, such that future disability benefits which replace income are not classified as marital property "because they are personal to the spouse who receives them and compensate for loss of good health and replace lost earning capacity," but any portion of such benefits which constitute a "retirement component" will be classified as marital property); *Hunley v. Hunley*, No. 88-206-II, 1988 WL 123956 at *4-5 (Tenn. Ct. App. Nov. 23, 1988) (no Tenn. R. App. P. application filed) (personal injury settlement should be classified by looking at the purpose of the settlement, i.e., the portion attributable to compensation to injured spouse for injuries personal to him vs. compensation for marital expenses).

The purpose of workers' compensation payments is to provide insured workers with periodic payments, which are a substitute for regular wages. *See Bailey v. Colonial Freight Sys., Inc.*, 836 S.W.2d 554, 557 (Tenn. 1992); *Burris v. Cross Mountain Coal Co.*, 798 S.W.2d 746, 750 (Tenn. 1990). In *Gragg v. Gragg*, the Supreme Court held that "disability benefits and income should be treated in the same manner since disability benefits are income replacement."[3] *Gragg*, 12 S.W.3d at 418. Because workers' compensation payments, whether lump sum or periodic, are also income replacement, they should also be treated as income. If considered as an income substitute, the workers' compensation settlement funds are marital property to the extent that they replaced wages that Mr. Dudley would have earned during the marriage had it not been for his work-related injury.

In the case before us, the only information regarding the source of the money claimed as separate property by Husband is the trial court's finding that, "during the early part of the marriage Mr. Dudley received a Workers' Compensation settlement in the amount of $35,000.00 and that of that $35,000.00 only $15,000.00 to $16,000.00 remains." Thus, the funds were received during the marriage and, therefore, presumptively meet the statutory definition of marital property. Husband has provided us with no evidence in the record from which we could conclude that the funds, or any portion of them, should not be classified as marital property.[4]

Absent any evidence in the record before us regarding the certificates of deposit, we must presume that the trial court heard sufficient evidence regarding the certificates to determine that they were marital property. Husband is unable to point to any evidence to overcome that presumption. We also note that the award of the certificates, whether as separate or marital property, does not necessarily affect the equitable distribution of marital property, because the

---

[3]The court also held that the future benefits could be considered income to the disabled spouse for purposes of computing support obligations. *See Gragg*, 12 S.W.3d at 419.

[4]In his brief, Husband asserts the settlement was for an injury occurring three years before the marriage. However, the record includes absolutely no evidence regarding Husband's injury or the nature of the settlement (such as the duration of periodic payments it covered).

4

amount of separate property awarded to a party is one of the factors for a court to consider in making its division of marital property. *See* Tenn. Code Ann. § 36-4-121(c)(6).

## IV. Distribution of Marital Property

Trial courts are to make an equitable division of marital property. *See* Tenn. Code Ann. § 36-4-121(a)(1). An equitable distribution is not necessarily an equal one, however. *See Batson*, 769 S.W.2d at 859. The court is to consider several factors in its distribution. *See* Tenn. Code Ann. § 36-4-121(c). The court's distribution of property "is not achieved by a mechanical application of the statutory factors, but rather by considering and weighing the most relevant factors in light of the unique facts of the case." *Batson*, 769 S.W.2d at 859.

A trial court has a great deal of discretion concerning the manner in which it divides marital property. *See Smith v. Smith*, 984 S.W.2d 606, 609 (Tenn. Ct. App. 1997); *see also Wallace v. Wallace*, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987). Tenn. Code Ann. § 36-4-121(c) states:

> In making equitable division of marital property, the court shall consider all relevant factors including:
>
> (1) The duration of the marriage;
> (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
> (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
> (4) The relative ability of each party for future acquisitions of capital assets and income;
> (5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
> (6) The value of the separate property of each party;
> (7) The estate of each party at the time of the marriage;
> (8) The economic circumstances of each party at the time the division of property is to become effective;
> (9) The tax consequences to each party; and
> (10) Such other factors as are necessary to consider the equities between the parties.

Husband argues that the distribution of property was inequitable. He argues, correctly, that the trial court is to make the distribution of marital property without regard to fault. *See* Tenn. Code Ann. § 36-4-121(a)(1) (the court shall divide "the marital property between the parties without regard to marital fault in proportions as the court deems just"). He claims that, in the case before us, the trial court allowed his fault in the breakdown of the marriage to influence

5

its decision regarding the marital property. As noted above, the trial court awarded Husband the certificates of deposit which represented the remainder of his worker's compensation settlement, his vehicle, and the Skeeter boat. Husband was ordered to pay some of the parties' debts. Wife was awarded her vehicle, the marital residence, and all of its contents. Wife was also ordered to pay some of the parties' debts.

The trial court made specific findings regarding its decision on distribution:

The Court, in making an equitable distribution of the marital assets, particularly the marital home, considers the following factors embodied within T.C.A. §36-4-121:

(a) Contribution of the parties: The Court finds that Mrs. Dudley, throughout course of the marriage has made the mortgage payments on the marital home, and that Mr. Dudley has not had steady employment since 1991.

(b) Preservation of marital assets: The Court finds that throughout the marriage Mrs. Dudley was responsible for renting out the apartments contained within the marital residence, and did rent said apartments throughout the course of the marriage, with the exception of one or two months. The Court further finds that after the date of separation, when Mr. Dudley was responsible for the marital residence, Mr. Dudley did not rent said apartments during the seven or eight month separation, and has only made, according to his testimony, one mortgage payment.

(c) Dissipation of marital property: The Court finds that during the early part of the marriage Mr. Dudley received a Workers' Compensation settlement in the amount of $35,000.00, and that of that $35,000.00 only $15,000.00 to $16,000.00 remains. The Court further finds that Mr. Dudley admits that he patronized JP's lounge where he gambled, betting on football games. The Court, therefore finds that Mr. Dudley has difficulty keeping money.

We see, as the trial court did, that Wife had singlehandedly maintained the household financially. In addition, Wife had taken the bulk of the responsibility of providing and caring for the children of the marriage. Husband had made little contribution to the household financially or otherwise. Furthermore, the trial court was required to "give special consideration to a spouse having physical custody of a child or children of a marriage" when awarding "the family home and household effects." Tenn. Code Ann. § 36-4-121(d).

Husband was awarded $15,000 to $16,000 in certificates of deposit. Wife received no corresponding liquid asset. The trial court specifically found that, despite her years of work, Wife had not been able to set aside any money for herself or for her family. Wife now has the responsibility to raise the two children, while Husband was ordered to pay only a small amount of child support. We find the trial court did not err in awarding the home and its contents to Wife. Husband failed to support his contention that the trial court included fault as a deciding

factor in its ruling. Rather than perceiving this as a case in which "fault" was considered, we see this as a case in which the trial court relied upon the parties' contributions to the marriage when making the division of marital property. Under the facts of this case, we find no error in awarding the bulk of the marital estate to the spouse who has supported the family.

In addition to his specific and most significant complaint with the court's property distribution, i.e. the award of the marital home to Wife, Husband also claims that the trial court erred in two other ways which affect the comparative awards to the parties. First, without support from the record, Husband claims that the boat awarded to him was no longer owned by the parties at the time of the trial. The trial court, by awarding the boat to Husband, implicitly found that the boat was still owned at the time of the trial. Because we have no basis on which to disagree with the trial court, we must assume that the boat was indeed owned by the parties at the time of trial and was awarded to Husband.

Husband also argues that the trial court should have awarded him an interest in Wife's pension plan. It is generally true that the accumulation or increase of a pension during a marriage is marital property. *See Cohen v. Cohen*, 937 S.W.2d 823, 828 (Tenn. 1996). However, there is nothing in the record before us to indicate that such a pension plan exists. The trial court made no award and no mention of a pension plan for either party. Because the record fails to demonstrate the existence of a fund, we cannot say that the trial court erred in not awarding a portion of it to Husband. The court may distribute only those assets actually owned. *See Brock v. Brock*, 941 S.W.2d 896, 900 (Tenn. Ct. App. 1996) ("a court cannot divide and/or distribute what is 'not there'").

Husband has failed to demonstrate that the evidence preponderates against the trial court's distribution of the marital estate. Therefore, we affirm the trial court's award.

## V. Conclusion

For the reasons stated above, we affirm the order of the trial court. This case is remanded to the trial court for such further proceedings as may be necessary. Costs are taxed to Husband, Bobby G. Dudley, II, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

7