**Juan GONZALEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–98–00068–CR.**

Court of Appeals of Texas,
El Paso.

March 18, 1999.

Joseph (Sib) Abraham, The Law Offices of Joseph (Sib) Abraham, Jr., El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., John L. Davis, Asst. Dist. Atty., El Paso, for State.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

DAVID WELLINGTON CHEW, Justice.

This is an appeal from a plea-bargained plea to the offense of possession of a controlled substance. Appellant pleaded guilty to possession of less than one gram of cocaine. Appellant was sentenced to 2 years' deferred adjudication by the trial judge. Appellant's single point of error centers on the trial court's denial of his motion to suppress the evidence of his possession of cocaine. We affirm.

On November 3, 1994, Juan Gonzalez was arrested for public intoxication. He was taken by the arresting officers to the El Paso County Detention Facility to be booked on that charge. While he was being booked at the El Paso County Detention Facility, Deputy John Jordan found a folded piece of paper[1] in Gonzalez's wallet. Jordan opened the paper, and discovered it contained .08 grams of cocaine. On February 16, 1998, Appellant pleaded guilty to possession of less than one gram of cocaine and was sentenced to two years' of community supervision.

We have jurisdiction to hear this appeal under Article 44.02 of the Code of Criminal Procedure and Rule 25.2(b) of the Rules of Appellate Procedure. Appellant filed a motion to suppress in the trial court and it was denied. Therefore, Appellant has the right to appeal the substance of that mo-

tion to this Court. *See* TEX.CODE CRIM. PROC.ANN. art. 44.02 (Vernon 1979); TEX. R.APP.P. 25.2(b).

Appellant complains that the cocaine seized from his wallet at the time he was booked into the detention facility was seized in violation of Article I, section 9 of the Texas Constitution. Thus he contends that the trial court's denial of his motion to suppress this evidence was an abuse of discretion.

In reviewing a trial court's ruling for an abuse of discretion, this Court views the evidence in the light most favorable to the trial court's ruling. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Davis v. State,* 829 S.W.2d 218, 220 (Tex.Crim.App. 1992). The trial court is the judge of the weight and credibility of the witnesses' testimony at the suppression hearing. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990). The appellate court does not engage in its own factual review, but instead, considers whether the trial court improperly applied the law to the facts. *See Banda v. State,* 890 S.W.2d 42, 51 (Tex.Crim.App.1994). If the record supports the findings of the trial court, this Court will not disturb the result on appeal. *See Banda,* 890 S.W.2d at 51–2, *citing Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App.1990).

Appellant claims that the search of his wallet and the opening of the paper containing the cocaine violated his rights under Article I, section 9 of the Texas Constitution. Appellant relies on *Autran v. State,* 887 S.W.2d 31 (Tex.Crim.App. 1994) to support this proposition. In *Autran,* a plurality of the Court of Criminal Appeals held that Article I, section 9 of the Texas Constitution provided greater protection than the Fourth Amendment of the United States Constitution. *See Autran,* 887 S.W.2d at 41–42.

---

1. The State contends that the paper was a "diamondfold," a piece of paper folded in a specific way so that it can hold cocaine. Appellant contends it was not.

*Autran* is different from Appellant's case in two important respects. First, the search in *Autran* was the inventory search of a car in a police impound lot. *See id.* at 33. Second, there is no question in *Autran* that the containers in question were actually closed containers. *See id.* In this case, Gonzalez's wallet was searched as he was entering the detention facility. This essentially was a search of his personal effects for the purpose of inventory and to ensure that he was not concealing weapons or contraband. Also, the notion that the folded piece of paper, diamondfold or not, was a closed container, as contemplated by the *Autran* Court, is questionable at best.

Even if the paper was considered to be a closed container for the purposes of argument, Appellant has another problem. *Autran* is not established precedent that this Court must follow, and no persuasive case law suggests that following its reasoning is sound. *See Vernon v. State*, 841 S.W.2d 407, 410 (Tex.Crim.App.1992). *Autran* is a three judge plurality opinion, and its reasoning has never been adopted by a majority of the Court of Criminal Appeals. The Court of Criminal Appeals has issued opinions since *Autran* that deal with whether Article I, section 9 of the Texas Constitution guarantees greater protection than the Fourth Amendment. *See Johnson v. State*, 912 S.W.2d 227, 229–36 (Tex. Crim.App.1995); *Crittenden v. State*, 899 S.W.2d 668, 673 (Tex.Crim.App.1995). In both of these cases, the Court of Criminal Appeals did not mention *Autran*, and in fact held that nothing in the language or history of Article I, section 9 indicates that it should be read to provide greater protection than the Fourth Amendment of the United States Constitution. *See Johnson*, 912 S.W.2d at 234; *Crittenden*, 899 S.W.2d at 673 n. 8.

Additionally, four Texas Courts of Appeals have specifically rejected *Autran*, all employing essentially the same reasoning utilized above. *See Jurdi v. State*, 980 S.W.2d 904, 907 (Tex.App.—Fort Worth 1998, pet. filed); *Wells v. State*, 968 S.W.2d 483, 486 (Tex.App.—Eastland 1998, pet. ref'd); *Trujillo v. State*, 952 S.W.2d 879, 881 (Tex.App.—Dallas 1997, no pet.); *Madison v. State*, 922 S.W.2d 610, 613 (Tex.App.—Texarkana 1996, pet. ref'd); *Hatcher v. State*, 916 S.W.2d 643, 646 (Tex. App.—Texarkana 1996, pet. ref'd). The Texas Court of Criminal Appeals has had the chance, in three of these five reported cases, to state that *Autran* is the law, and direct that its reasoning should be used in cases concerning searches of closed containers. However, they have refused each time. The Court of Criminal Appeal's refusal is not precedential in value, but the fact that is has not corrected any appeals court that has rejected *Autran*, and that it has not followed *Autran* itself, leads this Court to the conclusion that *Autran* is not the law. Therefore, Appellant is not afforded any greater protection from unreasonable search and seizure by the Texas Constitution than he is by the United States Constitution.

Under the Fourth Amendment, the United States Supreme Court and the Texas Court of Criminal Appeals have examined the issue of a search prior to entering a detention facility. *See Illinois v. Lafayette*, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983); *Rogers v. State*, 774 S.W.2d 247 (Tex.Crim.App.1989). In *Lafayette*, the defendant was arrested for disturbing the peace. *See id.* at 641, 103 S.Ct. at 2607. As he was being booked, he was ordered to empty the contents of his pockets and place them on the counter. *Id.* at 642, 103 S.Ct. at 2607. He took a pack of cigarettes from his shoulder bag, and placed the bag on the counter; the booking officer looked inside and found narcotics. The defendant appealed his conviction, and the United States Supreme Court held that it was lawful for the police to search the personal effects of a person under lawful arrest as a part of normal booking procedure. *See id.* at 648, 103 S.Ct. at 2610–11. The Supreme Court outlined the security and safety reasons be-

hind allowing such a search, that arrested persons may injure themselves or others with contraband or drugs. *Id.* at 646, 103 S.Ct. at 2609–10.

The Court of Criminal Appeals similarly held that as an arrestee is processed through a detention facility, he must expect a diminished expectation of privacy, and officers may search incident to arrest without a warrant. *See Rogers,* 774 S.W.2d at 264. The Court noted that police may *thoroughly* search a suspect without a warrant, upon booking, to make an inventory of their belongings. *See id.* at 264, *citing Lafayette.* In *Rogers,* the suspect was in custody, awaiting transfer to jail. He had been searched previously, but a detective decided to search him again because no weapon had been found on him. In the crime he was suspected of committing, the murder of a police officer, a gun was used to kill the officer. *See id.* The detective noticed a bulge in the defendant's boot, and asked him to remove it. The bulge turned out to be a roll of money, obtained in an earlier armed robbery. *See id.* The Court of Criminal Appeals concluded its opinion by stating:

> The search of which appellant complains here was made subsequent to an arrest, the legality of which is not challenged, while appellant was still in custody of the arresting officers, and it was therefore subject to usual notions of search incident to a lawful arrest and detention. The trial judge did not err in finding the search to be reasonable under these circumstances and in refusing to suppress the evidence seized.

*Rogers,* 774 S.W.2d at 264. Gonzalez was lawfully under arrest at the time of the search, and the arresting officers were still present in the room to maintain custody of him. This search was made in accordance with departmental guidelines and was therefore not in violation of Appellant's rights under the Texas or United States Constitutions. We hold that the trial court did not abuse its discretion in refusing to suppress the evidence. We affirm the trial court's judgment.