COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

KURTIS LEONEL OTTO,                                   )

                                                                              )              
No.  08-04-00249-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
409th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20030D02388)

                                                                              )

 

 

O
P I N I O N

 

Appellant Kurtis
Leonel Otto appeals his conviction for possession of a controlled substance, to
wit:  cocaine, having an aggregate weight
of one gram or more but less than four grams. 
Over Appellant=s
not guilty plea, the jury found Appellant guilty of the offense as charged in
the indictment and assessed punishment at 9 2
years imprisonment in the Institutional Division of the Texas Department of
Criminal Justice.  Appellant raises three
issues on appeal, in which he contends: 
(1) the trial court committed reversible error by refusing to give an
Article 38.23 jury instruction; (2) the evidence was legally and factually
insufficient to sustain his conviction; and (3) the trial court erred in
denying his motion to suppress evidence. 
We affirm.








On January 8,
2003, at approximately 2:30 a.m., Officer Michael Macias of the El Paso Police
Department DWI Task Force observed an orange Chevrolet Camaro revving its
engine and peeling out of a parking lot near Gateway West and Lee Trevino.  The Camaro sped down the street.  As Officer Macias sped to catch up to the
vehicle, he saw the car twice fail to signal an intent to change lanes, two
additional traffic violations.  Officer
Macias then initiated a traffic stop.

When Officer
Macias approached the vehicle, he noticed that it had its reverse lights
on.  Officer Macias called for back up
assistance because he observed two occupants in the vehicle.  He ordered the driver, later identified as
Appellant, to place the vehicle in park and noticed that Appellant was having
difficulty in doing so.  When Officer
Macias approached the driver=s
side window, he detected the odor of alcohol. 
Officer Macias advised Appellant of the reason for the traffic stop and
asked both Appellant and the passenger for identification.  He did not request registration information
on the vehicle.  Appellant produced his
driver=s
license, but the passenger said that he did not have any identification.  When back up officers arrived, Officer Macias
asked the passenger to step out of the vehicle while he obtained his
information.  After obtaining the
passenger=s
information, Officer Macias placed the passenger in the patrol car and returned
to the vehicle.








Officer Macias
asked Appellant to exit the vehicle in order to determine whether the odor of
alcohol he smelled was only coming from the interior of the vehicle.  Officer Macias found that the odor was coming
from Appellant=s breath
and his person.  He then administered the
standardized field sobriety tests.  Based
on the driving observations, the odor of alcohol from Appellant, and Appellant=s performance on the sobriety tests,
Officer Macias decided to place Appellant under arrest for suspicion of driving
while intoxicated.  He later learned that
Appellant had outstanding traffic warrants for his arrest.  After verifying the passenger=s information, Officer Macias learned
that the passenger also had a warrant for his arrest and placed him under
arrest as well.

Officer Macias
directed Officer George Spencer to conduct an inventory search of the vehicle
since it was going to be impounded. 
During the inventory search, Officer Spencer noticed that the plastic
cover surrounding the gear shift in the center console had been tampered with
and was slightly open.  Using the tip of
his thumb, the officer lifted the plastic cover around the gear shifter and saw
a plastic bag containing several other baggies, which contained a white powdery
substance, and a clear orange plastic vial, or inhaler, that also contained a
white powdery substance.  Jon Janczak, a
criminalist for the El Paso Field Crime Lab later determined that the
substances found were cocaine, having an aggregate weight of 1.93 grams.  When Officer Spencer found the cocaine, he
called Officer Macias over to the vehicle to show him what he had found.  Officer Spencer lifted up the plastic molding
around the gear shifter and Officer Macias saw the items containing
cocaine.  Officer Macias removed the
items from the vehicle.  According to the
officers, neither the door panels nor the ceiling cover of the vehicle were
removed during the inventory search. 
Officer Spencer also testified that he only lifted the plastic cover
around the gear shift to find the items containing the cocaine.

Officer Macias
testified that he asked Appellant who the vehicle belonged to and Appellant
replied that it was his.  However, he
never looked at the registration for the vehicle or otherwise determined who
actually owned the vehicle.  Both
officers testified that they did not know to whom the drugs belonged.








We first address
Appellant=s third
issue, where he contends that the trial court erred in denying his motion to
suppress because the police exceeded the scope of a valid inventory search.

When a pretrial
motion to suppress evidence is overruled, the defendant need not subsequently
object at trial to the same evidence in order to preserve error on appeal.  Moraguez v. State, 701 S.W.2d 902, 904
(Tex.App.Crim. 1986).  However, when a
defendant affirmatively asserts that he has Ano
objection@ at trial
to the admission of the complained‑of evidence, he waives any error in
the admission of the evidence, despite the pretrial ruling on his
objection.  Id.; Moody v. State,
827 S.W.2d 875, 889 (Tex.Crim.App. 1992).

In this case, when
the State offered the contraband discovered in the inventory search into
evidence at trial, Appellant=s
counsel affirmatively stated that he had Ano
objection@ to the
introduction of that evidence.  Because
defense counsel specifically stated he had no objection to the evidence, any
error in its admission is waived despite the adverse pretrial ruling.  See Moraguez, 701 S.W.2d at 904.  We find that this issue was not preserved for
review.  Accordingly, we overrule Issue
Three. 

Returning to the
first issue, Appellant contends the trial court committed reversible error by
refusing to give a jury instruction pursuant to Article 38.23 of the Texas Code
of Criminal Procedure.  Specifically,
Appellant argues that the evidence clearly raised a factual issue concerning
the legality of the search.








Article 38.23
provides that no evidence obtained by an officer or other person in violation
of the laws or constitutions of Texas or the United States shall be admitted in
evidence against the accused on the trial of any criminal case.  It also provides that where the legal
evidence raises such an issue, the jury shall be instructed that if it
believes, or has a reasonable doubt, that the evidence was obtained by such a
violation, then it shall disregard any such evidence.  See Tex.Code
Crim.Proc.Ann. art. 38.23 (Vernon 2005). 
An Article 38.23 instruction must be included in the jury charge only if
there is a factual dispute about how the evidence was obtained.  Garza v. State, 126 S.W.3d 79, 85
(Tex.Crim.App. 2004).  A fact issue
concerning whether the evidence was legally obtained may be raised A>from
any source, and the evidence may be strong, weak, contradicted, unimpeached, or
unbelievable.=@ 
Id.  If a defendant
successfully raises a factual dispute over whether evidence was illegally
obtained, inclusion of a properly worded Article 38.23 instruction is
mandatory.  Bell v. State, 938
S.W.2d 35, 48 (Tex.Crim.App. 1996). 
Absent any such factual dispute, a trial court may properly refuse such
a charge.  Murphy v. State, 640
S.W.2d 297, 299 (Tex.Crim.App. 1982).








In this case, the
record shows there was no factual dispute about how the evidence was
obtained.  Officer Macias testified that
he initiated a traffic stop after witnessing three traffic violations.  The officer placed Appellant under arrest for
suspicion of driving while intoxicated after administering standardized field
sobriety tests and noticing various indicators of intoxication.  The passenger in the vehicle was also
arrested under an outstanding traffic warrant. 
Officer Macias decided to impound the vehicle.  Officer Spencer was asked to conduct an
inventory search of the vehicle.[1]  During the search, Officer Spencer noticed
that the plastic covering around the gear shifter had been tampered with and
was slightly open.  Using his thumb and
with little or no force, he lifted the plastic molding and discovered the
contraband.  Both officers testified that
neither the door paneling or the ceiling cover was removed during the
search.  The officers= testimony was consistent and
uncontroverted.  Consequently, the
legality of the stop, arrest, and search were questions of law, not questions
of fact for the jury.  See Garza,
126 S.W.3d. at 87-8.  Because there were
no fact issues regarding the legality of the stop, arrest, and search of the
vehicle, we conclude that an instruction under Article 38.23 was not
warranted.  Therefore, the trial court
did not err in refusing to give an Article 38.23 jury instruction.  Accordingly, we overrule Issue One.

In Issue Two,
Appellant challenges the legal and factual sufficiency of the evidence to
sustain his conviction.  Specifically,
Appellant contends that the State failed to prove the elements of the offense
because there were insufficient affirmative links connecting him to the
contraband.

Standards
of Review








In reviewing the
legal sufficiency of the evidence, we must view the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Hernandez v. State,
946 S.W.2d 108, 110-11 (Tex.App.--El Paso 1997, no pet.).  We do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this was the
function of the trier of fact.  See
Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v.
State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is to determine whether if
both the explicit and implicit findings of the trier of fact are rational by
viewing all the evidence admitted at trial in the light most favorable to the
verdict.  See Adelman, 828 S.W.2d
at 421-22.  In so doing, any
inconsistencies in the evidence are resolved in favor of the verdict.  Matson, 819 S.W.2d at 843.








In reviewing the
factual sufficiency of the evidence, we must determine whether considering all
the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004); see also Clewis,
922 S.W.2d 126, 129 (Tex.Crim.App. 1996). 
There are two ways in which we may find the evidence to be factually
insufficient:  (1) the evidence
supporting the verdict or judgment, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt; or (2) after weighing
the evidence supporting the verdict and the evidence contrary to the verdict,
the contrary evidence is so strong that guilt cannot be proven beyond a reasonable
doubt.  Zuniga, 144 S.W.3d at
484-85.  AThis
standard acknowledges that evidence of guilt can >preponderate= in favor of conviction but still be
insufficient to prove the elements of the crime beyond a reasonable doubt.@ 
Id. at 485.  In other
words, evidence supporting a guilty finding can outweigh the contrary proof but
still be insufficient to prove the elements of an offense beyond a reasonable
doubt.  See id. at 481-82; Johnson
v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Clewis, 922 S.W.2d at
133.  Our evaluation should not intrude
upon the fact finder=s
role as the sole judge of the weight and credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997).  An opinion
addressing factual sufficiency must include a discussion of the most important
and relevant evidence that supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex.Crim.App. 2003). 

Possession
of a Controlled Substance

A person commits
the offense of possession of cocaine if she knowingly or intentionally
possesses the controlled substance.  See
Tex.Health & Safety Code Ann.
'' 481.115(a) & (c), 481.102
(3)(D)(Vernon 2003 & Supp. 2004-05). 
Possession is defined as Aactual
care, custody, control or management.@  Tex.
Health & Safety Code Ann. '
481.002 (38)(Vernon Supp. 2004-05).  To
support a conviction for unlawful possession of a controlled substance, the
State must prove that the accused (1) exercised actual care, custody, control
and management over the contraband, and (2) the accused knew the substance he
possessed was contraband.  See Brown
v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995); Menchaca v. State,
901 S.W.2d 640, 651 (Tex.App.--El Paso 1995, pet. ref=d). 
Knowledge may be inferred from the circumstances.  Linton v. State, 15 S.W.3d 615, 618
(Tex.App.--Houston [14th Dist.] 2000, pet. ref=d).








When the defendant
is not in exclusive possession or control of the place where the contraband is
found, the State must prove additional independent facts and circumstances
affirmatively linking him to the contraband. 
Poindexter v. State, 153 S.W.3d 402, 406 (Tex.Crim.App.
2005).  An affirmative link generates a
reasonable inference that the accused knew of the contraband=s existence and exercised control over
it.  See Brown, 911 S.W.2d
at 747; Menchaca, 901 S.W.2d at 651. 
By either direct or circumstantial evidence, the State Amust establish, to the requisite level
of confidence, that the accused=s
connection with the drug was more than just fortuitous.@  Brown, 911 S.W.2d at 747. 

Affirmative links
connecting a defendant to the contraband may include the following:  (1) the contraband was in plain view; (2) the
contraband was conveniently accessible to the accused; (3) the accused was the
owner of the place where the contraband was found; (4) the accused was the
driver of the automobile in which the contraband was found; (5) the contraband
was found on the same side of the car seat as the accused was sitting; (6) the
place where the contraband was found was enclosed; (7) the contraband emitted a
strong odor; (8) paraphernalia to use the contraband was in view of or found on
the accused; (9) conduct by the accused indicated a consciousness of guilt;
(10) the accused had a special connection to the contraband; (11) occupants of
the automobile gave conflicting statements about relevant matters; (12) the
physical condition of the accused was compatible with recent consumption of the
contraband found in the car; (13) traces of the contraband were found on the
accused; (14) affirmative statements connect the accused to the contraband; and
(15) the accused possessed other contraband when arrested.  See Nguyen v. State, 54 S.W.3d
49, 53 (Tex.App.--Texarkana 2001, pet. ref=d);
Jones v. State, 963 S.W.2d 826, 830 (Tex.App.--Texarkana 1998, pet. ref=d); De La Paz v. State, 901
S.W.2d 571, 583-84 (Tex.App.--El Paso 1995, pet. ref=d).  There is no set formula of facts necessary to
support an inference of knowing possession. 
Hyett v. State, 58 S.W.3d 826, 830 (Tex.App.--Houston [14th
Dist.] 2001, pet. ref=d).  Moreover, the number of factors present is
less important than the logical force the factors have in establishing the
elements of the offense.  Hurtado v.
State, 881 S.W.2d 738, 743 (Tex.App.--Houston [1st Dist.] 1994, pet. ref=d).








Appellant argues
that the only evidence presented by the State to establish an affirmative link
between him and the concealed cocaine was that he was the purported owner of
the vehicle.  The evidence, however,
showed that the Appellant told Officer Macias that he was the owner of the
vehicle and Appellant was present when it was searched.  The contraband was found underneath the
plastic molding of the gear shift console, a location that was in close
proximity to Appellant, the driver, and easily accessible by him.  In addition, Appellant exhibited some signs
of intoxication, possibly from an unknown alcoholic beverage.  Appellant directs our attention to the lack
of additional affirmative links to connect him to the contraband, namely that
he made no furtive gestures, he had no drug paraphernalia, there were no
fingerprints recovered, the passenger had access to the vehicle, he made no
incriminating statement, he did not flee, no drugs were found on his person, he
had no weapons, and he was arguably drunk, but not under the influence of
drugs.  However, the number of affirmative
links present in any given case is not as important as the degree to which they
tend to link the appellant to the contraband. 
See Gant v. State, 116 S.W.3d 124, 132 (Tex.App.‑-Tyler
2003, pet. ref=d).  We conclude that a rational trier of fact
could have found beyond a reasonable doubt that Appellant exercised care,
custody, control and management over the contraband, and that Appellant knew
the substance possessed was contraband, thus the evidence was legally sufficient
to support Appellant=s
conviction.








Appellant also
contends that the evidence was factually insufficient.  Appellant again directs our attention to the
lack of other affirmative links connecting him to the contraband.  After reviewing the evidence in a neutral
light, we conclude that the evidence supporting the verdict was not too weak to
support the guilty finding beyond a reasonable doubt.  Rather, there was strong circumstantial
evidence linking Appellant to the contraband. 
Moreover, we also conclude that the evidence contrary to the verdict is
not so strong that guilt could not be proven beyond a reasonable doubt.  Thus, the evidence is legally and factually
sufficient to sustain Appellant=s
conviction.  Issue Two is overruled.

We affirm the
trial court=s
judgment.

 

August
11, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
An inventory search is permissible under the Fourth Amendment and Article I,
section 9 pursuant to a lawful impoundment. 
See Colorado v. Bertine, 479 U.S. 367, 371, 107 S.Ct. 738, 741,
93 L.Ed.2d 739 (1987); Stephen v. State, 677 S.W.2d 42, 44 (Tex.Crim.App.
1984).  With regard to the scope of an
inventory search, the Fourth Amendment allows police to open closed, even
locked, containers as part of the inventory search of a vehicle, as long as
they do so in accordance with standardized police procedures, do not act in bad
faith, and not for investigative purposes. 
See Florida v. Wells, 495 U.S. 1, 4, 110 S.Ct. 1632, 1635, 109
L.Ed.2d 1 (1990); Bertine, 479 U.S. at 375-76, 107 S.Ct. at 743.  Likewise, this Court has held that Article I,
section 9 of the Texas Constitution does not prohibit the search of closed
containers pursuant to an inventory search. 
State v. Mercado, 993 S.W.2d 815, 818-19 (Tex.App.--El Paso 1999,
pet. ref=d)(declining
to follow the plurality opinion in Autran v. State, 887 S.W.2d 31
[Tex.Crim.App. 1994])(holding that Article I, section 9 does not guarantee any
greater privacy interest in closed containers search pursuant to inventory
search than that found under the Fourth Amendment); Gonzalez v. State,
990 S.W.2d 833, 835 (Tex.App.--El Paso 1999, pet ref=d)
(same); see also Jurdi v. State, 980 S.W.2d 904, 907 (Tex.App.--Fort
Worth 1998, pet. ref=d);
Wells v. State, 968 S.W.2d 483, 486 (Tex.App.--Eastland 1998, pet. ref=d); Trujillo v. State, 952
S.W.2d 879, 881 (Tex.App.--Dallas 1997, no pet.); Madison v. State, 922
S.W.2d 610, 613 (Tex.App.--Texarkana 1996, pet. ref=d).